**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
TODD LEVON,                        :
                                   :   Civil Action No. 09-6515 (RBK)
          Petitioner,        :
                                   :
      v.                           :   **O P I N I O N**
                                   :
WARDEN DONNA ZICKEFOOSE,            :
                                   :
          Respondent.        :
_____:

**APPEARANCES:**

Todd Levon, Pro Se
29846-039
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640

Paul A. Blaine, Esq.
Assistant U.S. Attorney
Office of the U.S. Attorney
401 Market Street
Camden, NJ 08101
Attorney for Respondent

**KUGLER, District Judge**

    Petitioner Todd Levon, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a motion to alter or amend the judgment, pursuant to Federal Rule of Civil Procedure 59(e). Respondent has filed opposition, to which Petitioner replied. Petitioner seeks reconsideration of this Court's Opinion and Order filed July 30, 2010 dismissing his petition for a writ of habeas corpus, filed

pursuant to 28 U.S.C. § 2241. For the following reasons, the motion will be denied.

## BACKGROUND

Petitioner's underlying claims and the background of this case were explained in this Court's July 30, 2010 Opinion. This Court dismissed Petitioner's petition for failure to exhaust administrative remedies. Alternatively, the Court found that the claims had no merit. This Court will not go into detail concerning the underlying claims, as this Court's Opinion is presumed to be available to all parties. See Opinion (docket entry 14).

In his motion, signed August 23, 2010, and considered "filed" for purposes of this motion on that date,[1] Petitioner asks for reconsideration, arguing that this Court overlooked Petitioner's argument concerning a second unlawful memorandum, dated November 14, 2008. Petitioner contends that his 6-month Residential Re-Entry Center ("RRC") placement was unlawful because the Bureau of Prisons ("BOP") conducted his review under the unlawful November 14, 2008 memo. (Motion, ¶¶ 2, 5).

As to exhaustion, in his motion Petitioner states that he has filed all remedies and that his "last response should be

---

[1] Although Petitioner's motion was received by the Clerk of the Court on September 8, 2010, the motion was signed and dated by Petitioner on August 23, 2010, and that date is the date utilized in assessing whether or not the motion is timely. See Houston v. Lack, 487 U.S. 266 (1988).

arriving any[]day, which in turn would moot the issue of failing to exhaust." (Motion, ¶ 7). In fact, on January 24, 2011, Petitioner filed a Notice of Exhaustion of Administrative Remedies (docket entry 18), attaching the Central Office's response to his remedy request, and denying Petitioner's claims.

## DISCUSSION

### A.   Motions for Reconsideration

#### 1.   Rule 59(e)

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. See United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b). See id. In the District of New Jersey, Local Civil Rule 7.1(i) (formerly 7.1(g)) governs motions for reconsideration. See Byrne v. Calastro, 2006 WL 2506722 (D.N.J. Aug. 28, 2006).[2]

---

[2] Byrne states:

> . . . in this District, Local Rule 7.1(g) creates a specific procedure by which a party may, within 10 days of the entry of an order, ask either a District Judge, or a Magistrate Judge, to take a second look at any decision "upon showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Consequently, Local Rule 7.1(g) of

3

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters which the party "believes the Judge or Magistrate Judge has overlooked" when it ruled on the motion. See L. Civ. R. 7.1(i).  The standard for reargument is high and reconsideration is to be granted only sparingly. See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. See Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L. Civ. R. 7.1(i).  "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F.

---

       the Local Rules of Civil Procedure, rather than Rule 59 of the Federal Rules of Civil Procedure, governs motions for reconsideration filed in the District of New Jersey.

Byrne, 2006 WL 2506722 at *1 (citations omitted).

Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. See Bowers, 130 F. Supp.2d at 613; Resorts Int' l. v. Great Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n.3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing. See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L. Civ. R. 7.1(i) does not allow parties to restate arguments which the court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). Thus, a difference of opinion with the court's decision should be dealt

5

with through the normal appellate process.  See Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

    **2.**   **Rule 60(b)**

Rule 60(b) provides, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"The general purpose of Rule 60(b) ... is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done."  Boughner v.

6

Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978) (quoted in Coltec Industries, Inc. v. Hobgood, 280 F.3d 262, 271 (3d Cir. 2002)).

A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." Rule 60(b), however, "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'" Rather, relief under Rule 60(b) is available only under such circumstances that the "'overriding interest in the finality and repose of judgments may properly be overcome.'" "The remedy provided by Rule 60(b) is 'extraordinary, and [only] special circumstances may justify granting relief under it.'" Tischio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998) (internal citations omitted).

Relief is available only in cases evidencing extraordinary circumstances. See Ackermann v. United States, 340 U.S. 193 (1950); Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975). A motion under Rule 60(b)(6) "must be fully substantiated by adequate proof and its exceptional character must be clearly established." FDIC v. Alker, 234 F.2d 113, 116-17 (3d Cir. 1956).

To the extent a moving party seeks to relitigate the court's prior conclusions, Rule 60(b) is not an appropriate vehicle.

"[C]ourts must be guided by 'the well established principle that a motion under Rule 60(b) may not be used as a substitute for appeal.' It follows therefore that it is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal." Martinez-McBean v. Government of Virgin Islands, 562 F.2d 908, 911 (3d Cir. 1977) (citations omitted).

### 3. **Petitioner's Arguments**

In Petitioner's motion to alter or amend the judgment, he argues that this Court's decision was incorrect on the merits. However, he admits that even at the time of filing his motion, his administrative remedies were unexhausted, as Petitioner had not yet completed the remedy process to the Central Office. The fact that Petitioner has since exhausted his administrative remedies does not warrant this Court to change its ruling. Petitioner may file another § 2241 petition should he so desire.

As such, Petitioner has not shown (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. This Court's ruling that Petitioner's administrative remedies were unexhausted was correct, as admitted by Petitioner in this motion. Although Petitioner disagrees with

this Court's decision, he is not entitled to relief on his motion under Local Civil Rule 7.1.[3]

Furthermore, Petitioner has not demonstrated that he satisfies any of the reasons warranting the extraordinary 60(b) relief--he has not shown entitlement to be relieved from the judgment due to mistake, inadvertence, surprise, or excusable neglect, see Rule 60(b)(1); has not presented newly discovered evidence, see Rule 60(b)(2); and has not satisfied the criteria for Rule 60(b)(3)-(6).  Nothing Petitioner presents in his motion convinces this Court that "extraordinary circumstances" exist which warrant 60(b) relief.  Thus, Petitioner is not entitled to relief under Rule 60(b) and his motion will be denied.

## CONCLUSION

For the reasons set forth above, Petitioner's motion will be denied.  An appropriate order follows.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: March 10, 2011

---

[3] This Court also notes that under Local Civil Rule 7.1(i), "motions for reconsideration shall be served and filed within 14 days after entry of the order or judgment on the original motion . . ."  Loc. Civ. R. 7.1(i).  Furthermore, under Rule 59(e), "a motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment."  Here, Petitioner's motion was filed 23 days after the judgment.  Thus, under Loc. Civ. R. 7.1(i), the motion is untimely.